JOSHUA HARSHAW *v.* ROBERT D. McCOMBS, and others.

A deed conveying property in trust for the bargainor's only son and in case of the son's death without issue, then over, prepared and registered at the instance of the bargainor, will not be set aside upon a bill by the bargainor alleging that the deed was not delivered, that its object was to reclaim from vice the son (since dead, childless,) and that it was not the bargainor's intent to deprive himself of the control of the property; there being no other charge of fraud, surprise or undue influence than a recital, that in preparing and registering the deed the bargainor was " subject to the control and influence of the improper constraint, advice and duress of pretended friends, " and that he was " at the infirm and advanced age of seventy years. "

In such case the plaintiff will not be aided by an allegation that the deed was not duly *stamped.*

BILL, for the cancellation of a deed, filed to Fall Term 1866 of the Court of Equity for CHEROKEE.

The bill was subsequently amended, and a demurrer put in ; whereupon the demurrer was set down for argument, and the cause, at Spring Term 1868, was transmitted to this Court by consent.

The bill alleged that in the year 1865, the plaintiff, in order to induce his only child, a son of sixteen years of age, to refrain from certain habits and associations into which he had fallen, executed a deed of bargain and sale, conveying to the defendant McCombs all of a large estate, real and personal, of which he was seized and possessed in Cherokee and Clay Counties, to be held in trust for his son until he should become of age and then to him discharged of the trust; but in case of the death of the son under age without leaving a child, then in trust for the defendants Ann E. and Abraham McD. Harshaw, an infant niece and nephew of the plaintiff; that the deed was retained by him several days, when he caused it to be proved by one of the attesting witnesses and registered in the Register's office for Cherokee County; that the deed was afterwards taken by him from the Register's office, and neither it nor any of the property conveyed by it has ever been delivered to the defendants, or either of them; that it was not the intention of

the plaintiff to deprive himself of the control of the property, and the provisions for the defendants Ann and Abraham were gratuitous; and that the son of the plaintiff, to influence whom the deed was made, had recently come to a violent death by his own hands, without leaving issue. The prayer was that the deed should be rescinded, &c. The amendment to the bill stated that when the plaintiff executed the deed and had it registered he supposed he might annul it at pleasure and make any disposition of the property he choose, and as an evidence of this that he did not have the deed stamped as required by the acts of Congress for the collection of Internal Revenue; and after adding that he took the deed from the Register's office for the purpose of enabling him to abrogate the same whenever he saw proper, concluding in the following words : " Your orator being all the time subject to the control and influence of the improper advice, constraint and duress of pretended friends so that he was not permitted to exercise his free will and free judgment in the making of the said deed of conveyance or having the same registered, being at the infirm and advanced age of seventy years. "

*Moore*, for the plaintiff.

*Merrimon* and *Phillips & Battle*, for the defendants.

BATTLE, J. The bill was filed for the purpose of procuring the cancellation of a certain deed of conveyance therein mentioned. The demurrer presents the question whether the plaintiff has set forth such a case as entitles him to call on the defendants for an answer.

It is now well settled that the grantor or donor cannot call in the aid of a Court of Equity to have his deed cancelled, unless he can show that it was obtained from him by surprise or mistake, want of freedom, undue influence, the suggestion of a falsehood, or the suppression of the truth, *Gunter* v. *Thomas*, 1 Ire. Eq. 199; *Green* v. *Thompson*, 2 Ire. Eq. 365, and other cases collected in 3 Battle's Digest, title "Fraud," Subdiv. 2. If fraud be the ground of relief, it must be distinctly and positively alleged, and either admitted, or, sup-

ported by proof, *Witherspoon* v. *Carmichael*, 6 Ire. Eq. 143; *McLane* v. *Manning*, Winst Eq. 60. If the deed now in question had been undoubtedly delivered, such would be the rule of equity in relation to it, and we cannot conceive why the rule should be varied merely because the delivery of the instrument is a matter of doubt, or because it has not been duly stamped. The question then is, does the present bill contain sufficient allegations either of surprise, mistake, want of freedom, undue influence or fraud? We cannot discover any whatever. On the contrary, the bill states that the deed was prepared by or for the plaintiff, of his own free will and for a very commendable purpose, to wit: the reclamation from vice of his son, who was an only child. It is true that in an amendment, which the Court subsequently permitted to be made, the plaintiff says, by way of recital instead of positive averment, that he had done or forborne to do certain things, " all the time being subject to the control and influence of improper advice, constraint and duress of pretended friends, so that he was not permitted to exercise his free will and free judgment in the making of the said deed of conveyance, or having the same registered, being at the infirm and advanced age of seventy years." Surely such loose and general statements cannot be allowed to have any effect in an attempt to impeach a deed, which the grantor avers that he had signed, sealed, and procured to be registered. It is scarcely necessary for us to say that the failure of the main object of the conveyance caused by the untimely death of the plaintiff's son, cannot alter the character of the transaction. The true rule was laid down in the case of *Green* v. *Thompson*, above referred to, and by that must the present case be governed. " A Court will not annul dispositions of property because they are improvident or such as a wise man would not have made, or a man of nice honor have consented to receive; but all the contracts of an individual, even his gratuitous acts, if formally executed, and no power of revocation reserved, are binding, unless they can be avoided because of surprise or mistake, want

of freedom, undue influence, the suggestion of a falsehood, or the suppression of truth."

The demurrer must be sustained, and the bill dismissed with costs.

PER CURIAM.                            Bill dismissed.